MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney
150 Almaden Blvd., Suite 900
San Jose, CA 95113
Telephone: 408-535-5044
Fax: 408-535-5081

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>LORETTA CORRALES, et al.,<br><br>   Defendants. | Case No. C 10-04434 PVT<br><br>STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND xxxxxxxxxxx ORDER |

  IT IS HEREBY STIPULATED AND AGREED by and between plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff") and defendant Loretta Corrales (hereinafter the "Federal Defendant"), by and through its undersigned counsel, as follows:

  1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

  2. The Federal Defendant agrees to pay the sum of $2,500.00 ("the settlement amount") to plaintiff under the terms and conditions set forth herein. This is full, final and complete settlement that resolves all subrogation claims that plaintiff has or may have arising out of the subject automobile accident of August 29, 2007, including but not limited to the subrogation claims set forth in plaintiff's complaint.

  3. The plaintiff and its heirs, executors, administrators, assigns and attorneys hereby agree to accept the settlement amount, in full and final settlement and satisfaction of the

claims raised in This Action under the terms and conditions set forth herein.

4. It is also agreed, by and among the parties, that the settlement amount represents the entire amount payable to plaintiff and its heirs, executors, administrators, assigns and attorneys.

5. It is also agreed, by and among the parties, that the settlement amount shall be made payable to plaintiff and its attorney, Jeffrey W. Parks, and shall be mailed to its attorney's business address.

6. It is also agreed, by and among the parties, that neither plaintiff nor any of its attorneys may make any claim for attorney's fees or other costs against the Federal Defendant. It is also agreed, by and among the parties, that the respective parties will bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7. It is also understood, by and among the parties, that pursuant to Title 28, United States Code, Section 2678, that if plaintiff incurred any attorney's fees for services rendered in connection with this action, said fees shall not exceed 25 percent of the amount of the compromise settlement.

8. In consideration of the settlement amount as set forth above, the plaintiff agrees that it will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all subrogation claims asserted in This Action or any subrogation claims that could have been asserted in This Action. The fully executed Stipulation of Dismissal will be held by counsel for the Federal Defendant and will be filed with the Court upon receipt by plaintiff's attorneys of the settlement amount.

9. In consideration of the payment of the settlement amount as set forth above, the plaintiff hereby releases and forever discharges Loretta Corrales, the IRS, the United States of America, and any and all of its past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown,

foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims under the Federal Tort Claims Act ("FTCA"), all constitutional or *Bivens* claims, any and all current or future subrogation claims by plaintiff's successors, and any other subrogation claim relating to the subject accident, or any and all subrogation claims that could have been asserted in the Complaint.

10. In consideration of the payment of the settlement amount as set forth above, the plaintiff further agrees that it may not and will not use or rely on the incidents and actions underlying the Complaint in any other administrative proceeding, state court action or federal court action to prove any kind of further or future subrogation claim against the United States or its agencies and employees.

11. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's alleged damages and the liability of the Federal Defendant, the United States or its agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by him to be true, this agreement shall be and remain effective notwithstanding such material difference.

12. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant, the United States or its agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

13. This agreement may be pled as a full and complete defense to any action

or other proceeding, including any local, state or federal administrative action, filed by plaintiff against Federal Defendant, the United States or its agents, servants, or employees, which arises out of the claims released and discharged by this agreement.

14. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability. Plaintiff will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by plaintiff to pay any tax liability she might be responsible for from any government agency. Plaintiff will also defend, indemnify and hold harmless the Federal Defendant from any property damage claims paid by plaintiff made by plaintiffs' insureds or any other party or insurer involved in the subject accident. Federal defendant represents that it is not presently aware of any such claims.

15. Plaintiff has been informed that payment of the settlement amount may take 120 days or more to process.

16. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

17. Each party acknowledges that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

18. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

21. The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

22. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: October 25, 2010

_____
Representative
State Farm Mutual Automobile Insurance Company
Plaintiff

Dated: October 5, 2010

_____
Jeffrey W. Parks
Attorney for Plaintiff

MELINDA HAAG
United States Attorney

Dated: October 5, 2010

By: _____
JAMES A. SCHARF
Assistant United States Attorney
Attorney for the Federal Defendant

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated:   11/10/10

_____
Hon. Patricia V. Trumbull
United States Magistrate Judge